1

2                                                          **E-Filed 5/8/07**

3

4

5

6

7                                        NOT FOR CITATION

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                    SAN JOSE DIVISION

11

| | |
|---|---|
| RUBEN MENDEZ, et al., | Case Number C 07-1086 JF (RS) |
| Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STRIKE |
| v. | |
| BOTTOMLEY DISTRIBUTING CO., INC., | |
| Defendant. | [Doc. No. 6] |

18          On April 27, 2007, the Court heard oral argument with respect the motion to dismiss and

19   strike filed by Defendant Bottomley Distributing Co., Inc. ("Bottomley").  For the reasons

20   discussed below, the motion will be denied.

21                                        **I. BACKGROUND**

22          Twelve individual employees and former employees of Bottomley filed this action in the

23   Santa Clara Superior Court seeking redress for Bottomley's alleged violations of federal and state

24   wage and hour laws.  The complaint asserts the following claims:  (1) failure to pay overtime pay

25   in violation of the Fair Labor Standards Act, 29 U.S.C. § 207; (2) failure to provide meal and rest

26   breaks in violation of California Labor Code §§ 226.7 and 512; (3) failure to provide each

27   employee with an itemized statement of gross and net wages earned and other information

28   required by California Labor Code § 226; (4) failure to pay earned wages twice a month in

violation of California Labor Code § 204; (5) failure to pay earned wages at the time of discharge or layoff in violation of California Labor Code § 201; (6) failure to pay earned wages at the time of resignation; and (7) unfair business practices arising out of the above violations in violation of California Business and Professions Code §§ 17200 *et seq*.

Bottomley removed the action to this Court on the basis of federal question jurisdiction. Bottomley thereafter filed a motion to dismiss Plaintiffs' claim for failure to provide meal and rest breaks on the ground that there is no private right of action for such claim, and to dismiss Plaintiffs' § 17200 claim to the extent based upon failure to provide meal and rest breaks on the ground that § 17200 does not provide for recovery of penalties. Bottomley also moved to strike references to deprivation of meal and rest periods more than one year prior to the filing of the complaint on the ground that any claim for such deprivation seeks a penalty and thus is subject to a one-year statute of limitations.

Following completion of briefing on Bottomley's motion, the California Supreme Court clarified that the additional hour of pay under § 226.7 constitutes a wage or premium pay and thus is governed by a three-year statute of limitations. *See Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, ---, 155 P.3d 284, ---, 12 Wage & Hour Cas.2d (BNA) 833, 895 (2007).[1] Bottomley subsequently withdrew its motion to dismiss to the extent that motion argued that the remedy under § 226.7 constitutes a penalty, and withdrew its motion to strike entirely. Bottomley maintains its motion to dismiss to the extent the motion argues that there is no private right of action under § 226.7. The Court requested and received supplemental letter briefs from the parties addressing this issue.

**II. LEGAL STANDARD**

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the

---

[1] As of the date of this order, pin citations are available only with respect to the BNA publication. All future citations will be to the BNA publication.

Case No. C 07-1086 JF (RS)
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STRIKE
(JFLC2)

1    complaint's deficiencies cannot be cured by amendment.  *Lucas v. Department of Corrections*,

2    66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be

3    ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

4    **III. DISCUSSION**

5    The question of whether § 226.7 creates a private right of action has not been addressed

6    by the California Supreme Court.  In the absence of authority from that court, this Court must use

7    its best judgment to predict how that court would decide the issue.  *See General Motors Corp. v.*

8    *Doupnik*, 1 F.3d 862, 865 (9th Cir. 1993).  This Court may look to the decisions of California

9    appellate courts for guidance, but it is not bound to follow such decisions.  *Id*. at 865 n.4.

10   This Court concludes that, although the question was not addressed directly, presumably

11   because it was not raised by the parties, the California Supreme Court implicitly held in *Murphy*

12   that a private right of action exists under § 226.7.  Discussion of this implicit holding requires

13   some understanding of the administrative and civil remedies generally available to wage

14   claimants.  The *Murphy* decision describes these remedies as follows:

15       An employee pursuing a wage-related claim has two principal options.  the
         employee may seek *judicial* relief by filing an ordinary civil action against the
16       employer for breach of contract and/or for the wages prescribed by statute.  Or the
         employee may seek *administrative*  relief by filing a wage claim with the
17       [commissioner] pursuant to a special statutory scheme codified in sections 98 to
         98.8.

18

19   *Murphy*, 12 Wage & Hour Cas.2d (BNA) at 896 (internal quotation marks and citations omitted).

20   "The Labor Commissioner has broad authority to investigate employee complaints and to

21   conduct hearings in actions to recover wages, penalties, and other demands for compensation."

22   *Id*. (internal quotation marks and citations omitted).  This administrative process commonly is

23   known as "the Berman hearing procedure."  *Id*.  "The Berman hearing procedure is designed to

24   provide a speedy, informal, and affordable method of resolving wage claims."  *Id*.  The purpose

25   of the procedure is "to avoid recourse to costly and time-consuming judicial proceedings in all bu

26   the most complex of wage claims."  *Id*. (internal quotation marks and citations omitted).  Any

27   party may seek review of the Labor Commissioner's decision in a Berman proceeding by filing

28   an appeal in the appropriate municipal or superior court.  *Id*.  The filing of such an appeal

3

1  terminates the jurisdiction of the Labor Commissioner and vests jurisdiction in the appellate

2  court to conduct a *de novo* hearing of the issues.  *Id*. at 896-97.

3       Murphy commenced a Berman proceeding before the Labor Commissioner, asserting

4  claims for unpaid overtime and waiting-time penalties against his former employer.  Following

5  the Commissioner's ruling in Murphy's favor, the employer sought *de novo* review in the

6  superior court.  During that *de novo* review process, Murphy sought to raise new claims for meal

7  and rest period violations under § 226.7 and for itemized pay statement violations.  Those claims

8  had not been raised in the Berman proceeding.  The superior court allowed Murphy to raise the

9  new claims over the employer's objection.  During the course of the superior court's *de novo*

10 review of Murphy's claims, a question arose as to whether claims for meal and rest period

11 violations under § 226.7 are governed by a one-year or a three-year statute of limitations.  The

12 superior court, concluding that a three-year statute of limitations governed, found for Murphy on

13 his § 226.7 claims and on his other claims.  The California Court of Appeal reversed in part,

14 holding that Murphy could not raise new claims for the first time on *de novo* appeal from the

15 Berman proceeding, and that a one-year statute of limitations applied to § 226.7 claims.  The

16 California Supreme Court granted Murphy's petition for review to address both questions.

17      With respect to Murphy's assertion of new claims under § 226.7 in the *de novo* appellate

18 proceedings, the court stated as follows:  "As the Court of Appeal here acknowledged, Murphy

19 could have filed a separate civil complaint raising the additional wage claims, at which point the

20 trial court could have consolidated the civil action with the *de novo* proceeding and considered

21 all of the claims together."  *Id*. at 898.  In concluding that Murphy could have filed a civil

22 complaint raising his § 226.7 claims even though those claims had not been raised in the

23 administrative Berman proceeding, the court necessarily concluded that Murphy had the *right* to

24 file a civil claim under § 226.7.  Moreover, the court devoted the bulk of its lengthy decision to

25 the question of whether a *civil claim* brought under § 226.7 is subject to a one-year statute of

26 limitations or a three-year statute of limitations.  There would have been no reason for the court

27 to engage in this detailed analysis if no private right of action exists under § 226.7 in the first

28 place.

4

1    Bottomley argues that *Murphy* cannot be read as holding even implicitly that there is a

2    private right of action under § 226.7 because the issue was not presented to the court.  It long has

3    been established that "[q]uestions which merely lurk in the record, neither brought to the

4    attention of the court nor ruled upon, are not to be considered as having been so decided as to

5    constitute precedents."  *Webster v. Fall*, 266 U.S. 507, 511 (1925); *see also Sakamoto v. Duty*

6    *Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) (holding that "unstated assumptions on

7    non-litigated issues are not precedential holdings binding future decisions").  However, while

8    *Murphy* may not constitute binding precedent as to this issue, it nonetheless is informative as to

9    how the California Supreme Court would resolve the question of whether a private right of action

10    exists under § 226.7.

11    Moreover, separate and apart from the implicit holding of *Murphy* discussed above, this

12    Court concludes that *Murphy*'s explicit determination that the additional hour of pay under §

13    226.7 is a wage necessarily suggests strongly that claimants have a private right of action to

14    recover that wage pursuant to California case law interpreting California Labor Code § 218.

15    Section 218 reads in relevant part as follows:  "Nothing in this article shall limit the right of any

16    wage claimant to sue directly or through an assignee for any wages or penalty due him under this

17    article."  Cal. Lab. Code § 218.  Bottomley argues that § 218 does not confer any affirmative

18    right to sue for unpaid wages, but simply states that it does not *limit* an employee's otherwise

19    existing right to sue for unpaid wages.   Bottomley's argument has some appeal, as it does track

20    the literal language of the statute.  However, a number of California appellate decisions have

21    cited § 218 for the proposition that wage claimants have a direct right of action to seek unpaid

22    wages.  *See, e.g.*, *Reynolds v. Bement*, 36 Cal.4th 1075, 1084 (2005); *Smith v. Rae-Venter Law*

23    *Group*, 29 Cal.4th 345, 350 (2002); *Sampson v. Parking Serv. 2000 Com, Inc.*, 117 Cal.App.4th

24    212, 220 (2004).  Based upon these authorities, this Court concludes that a private right of action

25    exists to recover wages owing under § 226.7.

26    The Court has considered Bottomley's arguments to the contrary, including Bottomley's

27    analysis of the legislative history of § 226.7.  After careful review of *Murphy* and the California

28    cases addressing wage claimants' rights to sue for unpaid wages generally, however, this Court is

5

persuaded that if squarely presented with the issue the California Supreme Court would conclude

that there is a private right of action under § 226.7.

### IV. ORDER

Accordingly, the motion to dismiss and strike is DENIED.

DATED:  5/8/07

_____
JEREMY FOGEL
United States District Judge

6

1   This Order was served on the following persons:

2

3   Molly Agarwal      magarwal@littler.com, psloan@littler.com

4   Ronald D. Arena    rarena@littler.com, bkearney@littler.com

5   Michelle R. Barrett    mbarrett@littler.com, RYee@littler.com

6   Michael D. Nelson    michael.nelson@333law.com

7   Sheila K. Sexton    ssexton@beesontayer.com, eaviva@beesontayer.com

8   George J. Tichy , II    gtichy@littler.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-1086 JF (RS)
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STRIKE
(JFLC2)